# CIRCUIT COURT OF ESSEX COUNTY

Christopher Mahtar

v.

Director of the Southampton
Correctional Center

July 15, 1996

BY JUDGE JOSEPH E. SPRUILL, JR.

The petitioner, Christopher Mahtar, presently serving a life sentence resulting from his conviction of first degree murder in the Essex County Circuit Court, in January 1993, has filed a Petition for a Writ of Habeas Corpus asking for a plenary hearing upon his claim of ineffective assistance of counsel at his trial.

His counsel were ineffective, he claims, because they failed to request a jury instruction regarding intoxication, failed to call certain witnesses, failed to call his mother as a witness, and failed to call the petitioner to testify in his own behalf. In each instance, petitioner claims to have been prejudiced.

The Commonwealth has moved to dismiss the Petition noting that petitioner's counsel are presumed to have acted effectively and that there is no reasonable probability that "but for counsel's unprofessional errors" the results of the proceeding would have been different.

## I. *The Intoxication Instruction*

The defendant's own statement belies a claim of intoxication. He gave a lengthy account to the police of the activities on the night of the offense, in which he recalled in specific detail the events of the evening. No claim or inference of intoxication is found within this statement. The instruction he now claims his counsel should have requested (that he was so greatly intoxicated

that he was incapable of deliberation) is completely at odds with his own account of the evening. See transcript pages 244-250.

The instruction was not requested by his counsel because there was no evidence to support it. Even if the instruction had been requested and granted, there is no reasonable probability that the jury would have found the defendant so intoxicated as to be incapable of deliberate behavior. His graphic description of the death of the victim negates any such claim. Further, when his counsel were appointed to represent him, Mahtar had already given the police his voluntary statement. Counsel apparently decided after studying this statement that a claim of duress was their most viable defense. Intoxication would have undermined this claim. We find no merit to the petitioner's contention that an intoxication instruction should have been requested.

## II. *Failure to Call Witnesses*

The petitioner now says that there were several witnesses who allegedly heard the co-defendant, Williams, claim he (Williams) was the principal actor in the murder and these witnesses should have been called. His counsel interviewed these witnesses, Mahtar acknowledges, and decided not to call them. Mahtar agrees that this testimony would have been admissible only under the declaration against interest exception to the hearsay rule. This would require that the declarant, Williams, be unavailable. Mahtar claims that if Williams had been called as witness, he would have invoked his constitutional Fifth Amendment right against self-incrimination and would have refused to testify, thereby making him unavailable.

If Williams had testified, he either would have invoked his Fifth Amendment rights or he would have testified. If he had testified, almost certainly he would have placed the primary blame for the victim's death upon Mahtar to be consistent with the statement he had already given to the police. Thus, Mahtar's counsel had a choice to make. To have called Williams would have been risky strategy indeed. There was no way to know, then or even now, what Williams may have done. Mahtar's more recent claim that his counsel were aware that Williams would invoke his right against self-incrimination if called as a witness is not credible considering the circumstances at the time. The decision not to call Williams was a tactical decision and is "virtually unchallengeable." *Murray v. Griffith*, 243 Va. 384 (1992). Further, from this court's perspective, it was a very sound decision. To call Williams to the stand in Mahtar's defense under these circumstances would have been reckless.

## III. *Failure to Call Defendant's Mother*

The defendant's mother, Mrs. Reddick, testified for her son at his sentencing but was not called during the trial. She was not present and had no direct knowledge of the circumstances of the crime. Petitioner claims she would have testified that he was preoccupied after the murder and she could have introduced the shirt Mahtar was wearing the night of the murder which had, he claims, only minimal blood stains on it. This would have demonstrated his relatively minor role in the affair, he claims.

The Commonwealth's first witness, Deputy Clarke, had introduced the pants and shoes defendant was wearing on the night of the offense. Further, defendant himself had acknowledged striking the victim several times. The jury could have considered Mrs. Reddick's testimony as additional evidence of her son's culpability. Evidence capable of harmful as well as a beneficial impact may be omitted by reasonably competent counsel. *Smith v. Procunier*, 769 F.2d 170 (4th Cir. 1985).

Failure to call Mrs. Reddick was not professionally unreasonable.

## IV. *Failure to Call Defendant as a Witness*

At the conclusion of the Commonwealth's evidence, the Court observed counsel conferring with their client. Thereafter, counsel indicated to the Court that it had no evidence to present. It informed the Court expressly that the defendant would not take the stand. There was no reaction from the defendant to this announcement. Had the defendant taken the stand, he would have had somehow to deal with his own prior statement to the police and he would have been subjected to cross-examination. This could have had a devastating effect on his defense. The Court noted at his sentencing that Mahtar never expressed any remorse and his attitude and demeanor could explain counsel's decision recommending to their client that he not testify. Such a decision is "a paradigm of the type of tactical decision that cannot be challenged as evidence of ineffective assistance." *Hutchins v. Garrison*, 724 F.2d 1425, 1436 (4th Cir. 1983).

In conclusion, the Court finds that the claims of ineffective assistance of counsel to be unsupported by the record in this case. To make out such a claim, the petitioner must demonstrate not only that his counsels' performance was professionally unreasonable, but also that it was actually prejudicial. *Strickland v. Washington*, 466 U.S. 668 (1984); *Murray v. Griffith, supra.* Petitioner has been unable to establish either prong of this test. There are sound reasons for the tactical decisions counsel made in this trial that are now

challenged. Indeed, Mahtar's counsel did all they could with what they had, a remorseless client who had given a detailed statement of his involvement in a vicious slaying.

For these reasons, the Petition is denied, and the Motion to Dismiss is granted.