# TUGGLE *v.* NETHERLAND, WARDEN

No. 95–6016.   Decided October 30, 1995

PER CURIAM.

In *Zant* v. *Stephens*, 462 U. S. 862 (1983), we held that a death sentence supported by multiple aggravating circumstances need not always be set aside if one aggravator is found to be invalid. *Id.*, at 886–888. We noted that our holding did not apply in States in which the jury is instructed to weigh aggravating circumstances against mitigating circumstances in determining whether to impose the death penalty. *Id.*, at 874, n. 12, 890. In this case, the Virginia Supreme Court and the Court of Appeals for the Fourth Circuit construed *Zant* as establishing a rule that in nonweighing States a death sentence may be upheld on the basis of one valid aggravating circumstance, regardless of the reasons for which another aggravating factor may have been found to be invalid. Because this interpretation of our holding in *Zant* is incorrect, we now grant the motion for leave to proceed *in forma pauperis* and the petition for a writ of certiorari and vacate the judgment of the Court of Appeals.

I

Petitioner Tuggle was convicted of murder in Virginia state court. At his sentencing hearing, the Commonwealth presented unrebutted psychiatric testimony that petitioner demonstrated " 'a high probability of future dangerousness.' " *Tuggle* v. *Commonwealth*, 230 Va. 99, 107, 334 S. E. 2d 838, 844 (1985), cert. denied, *Tuggle* v. *Virginia*, 478 U. S. 1010 (1986). After deliberations, the jury found that the Commonwealth had established Virginia's two statutory aggravating circumstances, "future dangerousness" and "vileness";

it exercised its discretion to sentence petitioner to death.[1] 230 Va., at 108–109, 334 S. E. 2d, at 844–845.

Shortly after the Virginia Supreme Court affirmed petitioner's conviction and sentence, *Tuggle* v. *Commonwealth*, 228 Va. 493, 323 S. E. 2d 539 (1984), we held in *Ake* v. *Oklahoma*, 470 U. S. 68 (1985), that when the prosecutor presents psychiatric evidence of an indigent defendant's future dangerousness in a capital sentencing proceeding, due process requires that the State provide the defendant with the assistance of an independent psychiatrist. *Id.*, at 83–84. Because petitioner had been denied such assistance, we vacated the State Supreme Court's judgment and remanded for further consideration in light of *Ake*. *Tuggle* v. *Virginia*, 471 U. S. 1096 (1985).

On remand, the Virginia Supreme Court invalidated the future dangerousness aggravating circumstance because of the *Ake* error. See *Tuggle* v. *Commonwealth*, 230 Va., at 108–111, 334 S. E. 2d, at 844–846. The court nevertheless reaffirmed petitioner's death sentence, reasoning that *Zant* permitted the sentence to survive on the basis of the vileness aggravator. 230 Va., at 110–111, 334 S. E. 2d, at 845–846. The Court of Appeals agreed with this analysis on federal habeas review, *Tuggle* v. *Thompson*, 57 F. 3d 1356, 1362–1363 (CA4 1995), as it had in the past.[2] Quoting the Virginia Supreme Court, the Court of Appeals stated:

> " 'When a jury makes separate findings of specific statutory aggravating circumstances, any of which could support a sentence of death, and one of the circumstances

---

[1] Virginia's capital punishment statute involves a two-stage determination. The jury first decides whether the prosecutor has established one or both of the statutory aggravating factors. Va. Code Ann. §§ 19.2–264.4(C)–(D) (1995). If the jury finds neither aggravator satisfied, it must impose a sentence of life imprisonment. *Ibid.* If the jury finds one or both of the aggravators established, however, it has full discretion to impose either a death sentence or a sentence of life imprisonment. *Ibid.*

[2] See *Smith* v. *Procunier*, 769 F. 2d 170, 173 (CA4 1985).

subsequently is invalidated, the remaining valid circumstance, or circumstances, will support the sentence.'" *Id.*, at 1363 (quoting 230 Va., at 110, 334 S. E. 2d, at 845, and citing *Zant, supra*).

## II

Our opinion in *Zant* stressed that the evidence offered to prove the invalid aggravator was "properly adduced at the sentencing hearing and was fully subject to explanation by the defendant." 462 U. S., at 887. As we explained:

> "[I]t is essential to keep in mind the sense in which [the stricken] aggravating circumstance is 'invalid.' . . . [T]he invalid aggravating circumstance found by the jury in this case was struck down . . . because the Georgia Supreme Court concluded that it fails to provide an adequate basis for distinguishing a murder case in which the death penalty may be imposed from those cases in which such a penalty may not be imposed. The underlying evidence is nevertheless fully admissible at the sentencing phase." *Id.*, at 885–886 (internal citations omitted).

*Zant* was thus predicated on the fact that even after elimination of the invalid aggravator, the death sentence rested on firm ground. Two unimpeachable aggravating factors remained and there was no claim that inadmissible evidence was before the jury during its sentencing deliberations or that the defendant had been precluded from adducing relevant mitigating evidence.

In this case, the record does not provide comparable support for petitioner's death sentence. The *Ake* error prevented petitioner from developing his own psychiatric evidence to rebut the Commonwealth's evidence and to enhance his defense in mitigation. As a result, the Commonwealth's psychiatric evidence went unchallenged, which may have unfairly increased its persuasiveness in the eyes of the jury.

We may assume, as the Virginia Supreme Court and Court of Appeals found, that petitioner's psychiatric evidence would not have influenced the jury's determination concerning vileness. Nevertheless, the absence of such evidence may well have affected the jury's ultimate decision, based on all of the evidence before it, to sentence petitioner to death rather than life imprisonment.

Although our holding in *Zant* supports the conclusion that the invalidation of one aggravator does not necessarily *require* that a death sentence be set aside, that holding does not support the quite different proposition that the existence of a valid aggravator always excuses a constitutional error in the admission or exclusion of evidence. The latter circumstance is more akin to the situation in *Johnson* v. *Mississippi*, 486 U. S. 578 (1988), in which we held that *Zant* does not apply to support a death sentence imposed by a jury that was allowed to consider materially inaccurate evidence, 486 U. S., at 590, than to *Zant* itself. Because the Court of Appeals misapplied *Zant* in this case, its judgment must be vacated.

III

Having found no need to remedy the *Ake* error in petitioner's sentencing, the Virginia Supreme Court did not consider whether, or by what procedures, the sentence might be sustained or reimposed; and neither the state court nor the Court of Appeals addressed whether harmless-error analysis is applicable to this case. Because this Court customarily does not address such an issue in the first instance, we vacate the judgment of the Court of Appeals and remand the case for further proceedings consistent with this opinion.

*So ordered.*

JUSTICE SCALIA, concurring.

This is a simple case and should be simply resolved. The jury that deliberated on petitioner's sentence had before it

evidence that should have been excluded in light of *Ake* v. *Oklahoma,* 470 U. S. 68 (1985). The Virginia Supreme Court so concluded (in an opinion that is not before us) and, having so concluded, was obliged to determine whether there was reasonable doubt as to whether the constitutional error contributed to the jury's decision to impose the sentence of death. *Satterwhite* v. *Texas,* 486 U. S. 249, 256 (1988). Because it failed to perform that task, the habeas judgment at issue here cannot stand, and a remand is appropriate to allow the Fourth Circuit to review the case under the harmless-error standard appropriate to collateral review. *Brecht* v. *Abrahamson,* 507 U. S. 619, 637–638 (1993).

When these proceedings were before the Virginia Supreme Court after our first remand, petitioner managed to transform the simple question arising from the admission of constitutionally impermissible evidence ("might the constitutional error have affected the decision of the capital sentencing jury?") into a question of seemingly greater moment ("can a death sentence based in part on an 'invalid aggravating circumstance' still stand?"). The Virginia Supreme Court answered the second question, the wrong question, perhaps because it assumed that that could easily be resolved by reference to *Zant* v. *Stephens,* 462 U. S. 862 (1983); and on federal habeas, the District Court and the Fourth Circuit understandably focused upon the consequences of the Virginia Supreme Court's position that the "future dangerousness" aggravating circumstance was rendered "invalid" by the *Ake* error. The Court correctly demonstrates why *Zant* is not applicable here, but regrettably follows the Virginia Supreme Court and the courts below in failing to strip the "invalid aggravating circumstance" camouflage that petitioner has added to a straightforward inadmissible-evidence case.