FOR PUBLICATION

**FILED**

January 5, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

IN THE SUPREME COURT OF TENNESSEE

AT JACKSON

STATE OF TENNESSEE,           (
                              (
    Appellee,                 (
                              (  Shelby Criminal
                              (
v.                            (  Hon. Joseph B. McCartie,
                              (  Judge
                              (
MICHAEL JOE BOYD,             (  No. 02S01-9611-CR-00102
                              (
    Appellant.                (

**<u>DISSENTING OPINION</u>**

I dissent from the majority's holding that the jury's consideration of the invalid aggravating circumstance was harmless error. Though "not every imperfection in the deliberative process is sufficient, even in a capital case, to set aside a . . . judgment, the severity of the sentence mandates careful scrutiny in the review of any colorable claim of error." <u>Zant v. Stephens</u>, 462 U.S. 862, 886, 103 S. Ct. 2733, 2747 (1983).

The facts of this case show that the victim was on his way to a motel room with the defendant's girlfriend when he was shot by the defendant. The evidence specifically showed that the victim and David Hippen drove in a van into downtown Memphis to find a motel room and solicit female companionship. At Raiford's Lounge, two women, Barbara Lee and Renita Tate, agreed to accompany them and got into the van. Lee had been at the lounge

with the defendant who was her boyfriend, and with two other men, Bruce Wright and Terry Yarber. The two women, the victim and Hippen then drove to the parking lot of the Lorraine Motel where the victim "started to give one of the women a $100 bill to rent two rooms." State v. Boyd, 797 S.W.2d 589, 592 (Tenn. 1990), cert. denied, 498 U.S. 1074, 111 S. Ct. 800 (1991). While it was being discussed who would go in to rent the rooms, Wright, Yarber, and the defendant drove up and parked next to the van. The circumstances of the murder are described in the opinion on the direct appeal of this case as follows:

> Defendant stepped into the van on the passenger side behind the driver's and passenger's seats. He then pointed a pistol toward Hippen's face and said, "I want your money or I'm going to kill you." He snatched the $100 bill from [the victim's] hand. Hippen gave defendant his wallet, which contained $30.
>
> As defendant leaned over Hippen, [the victim] grabbed his arm and shoved it onto the console. Defendant fired a shot and the three men began to struggle over the gun. As the victim started the van and tried to drive away, the defendant "emptied" his gun at him. Injured, [the victim] fell from the van ... [and died].

Id. The defendant was charged with felony murder, and a sentence of death was sought based on the aggravating factors of creating a risk of death to persons other than the victim, killing during the perpetration of a felony, and having a prior conviction for a violent felony. The jury rejected the danger of risking death to others as an aggravating factor and based the sentence of death on felony murder and the conviction of a prior violent felony.

In <u>State v. Middlebrooks</u>, 840 S.W.2d 317 (Tenn. 1992), <u>cert.</u> <u>dismissed</u>, 510 U.S. 124, 114 S. Ct. 48 (1993), the Court found the use of felony murder as an aggravator when the conviction is based on felony murder, unconstitutional:

> We have determined that in light of the broad definition of felony murder and the duplicating language of the felony murder aggravating circumstance, no narrowing occurs under Tennessee's first-degree murder statute. We hold that, when the defendant is convicted of first-degree murder solely on the basis of felony murder, the aggravating circumstance set out in Tenn. Code Ann. §§ 39-2-203(i)(7) (1982) and 39-13-204(i)(7) (1991), does not narrow the class of death-eligible murderers sufficiently under the Eighth Amendment to the U.S. Constitution, and Article I, § 16 of the Tennessee Constitution because it duplicates the elements of the offense. As a result, we conclude that Tenn. Code Ann. § 39-2-203(i)(7) is unconstitutionally applied under the Eighth Amendment to the U.S. Constitution and Article I, § 16 of the Tennessee Constitution where the death penalty is imposed for felony murder.

<u>Id.</u> at 346. All agree that in this case, the jury's use of felony murder as an aggravating factor was a violation of the Eighth Amendment to the United States Constitution and Article I, Section 16 of the Tennessee Constitution. Nonetheless, the majority affirms the sentence of death on the finding that "beyond a reasonable doubt that the verdict would have been the same had the jury given no weight to the invalid aggravating factor." Majority Opinion at ___. [Slip op. at 9.]

The United States Supreme Court has held that "in a

-3-

weighing State infection of the process with an invalid aggravating factor might require invalidation of the death sentence." Stringer v. Black, 503 U.S. 222, 231, 112 S. Ct. 1130, 1136 (1992). It has also held that "under such circumstances a state appellate court could reweigh the aggravating and mitigating circumstances or undertake harmless-error analysis" as long as the death sentence is not affirmed "without a thorough analysis of the role an invalid aggravating factor played in the sentencing process." Id.

This Court properly applied a harmless error analysis in State v. Howell, 868 S.W.2d 238 (Tenn. 1993), cert. denied, 510 U.S. 1215, 114 S. Ct. 1339 (1994). In Howell, the victim was a convenience store clerk who was shot once in the forehead at close range. The jury sentenced the defendant to death based on the aggravators of felony murder and three prior violent felony convictions (armed robbery, first-degree murder, and armed robbery and attempted first-degree murder). The mitigating evidence was that the defendant was brain damaged from four head injuries and grew up in a violent home environment. The Court stated:

> In order to guarantee the precision that individualized sentencing considerations demand and provide a principled explanation for our conclusion in each case, it is important, when conducting harmless error review, to completely examine the record for the presence of factors which potentially influence the sentence ultimately imposed. These include, but are not limited to, the number and strength of remaining valid aggravating circumstances, the prosecutor's argument at sentencing, the evidence admitted

-4-

> to establish the invalid aggravator, and the nature, quality and strength of mitigating evidence.

Id. at 260-61. The Court found that because this was not the defendant's first "cold-blooded execution-style murder", the prosecutor did not emphasize the felony murder aggravator, no additional evidence was introduced for the invalid aggravator, and no mitigating evidence of good character, it could conclude the sentence would have been the same had the jury given no weight to the invalid felony murder aggravating factor. The sentence of death was affirmed.

The constitutionally mandated purpose of the harmless error analysis set forth in Howell, is to insure that "beyond a reasonable doubt . . . the error complained of did not contribute to the verdict obtained." Chapman v. California, 386 U.S. 18, 24, 87 S. Ct. 824, 828 (1967) (Scalia, J., concurring). The Court is "obliged to determine whether there [is] reasonable doubt as to whether the constitutional error contributed to the jury's decision to impose the sentence of death." Tuggle v. Netherland, 516 U.S. 10, ___, 116 S. Ct. 283, 286 (1995) (Scalia, J., concurring).

My concurrence in Howell was based on the conclusion, after considering the factors, that it was beyond a reasonable doubt that charging the invalid aggravating circumstance did not affect the jury's decision to impose the sentence of death. State v. Howell, 868 S.W.2d at 270-71 (Reid, C.J., concurring).

Based on the Middlebrooks decision, the Court has required a remand for sentencing in 6 subsequent cases involving the invalid use of the felony murder aggravator.[1] In Middlebrooks, where a 14 year old boy was beaten while his hands were tied behind his back with a knife, brass knuckles and a stick, was urinated on and in his mouth, burned with a lighter, and among other brutal acts, had an "X" cut into his chest while he was alive, the Court found that even though the other aggravating circumstance of torture was amply proved, it could not conclude that the elimination of the aggravating circumstance of felony murder was harmless error beyond a reasonable doubt. State v. Middlebrooks, 840 S.W.2d at 317. In State v. Evans, 838 S.W.2d 185 (Tenn. 1992), cert. denied, 510 U.S. 1064, 114 S. Ct. 740 (1994), where the defendant was convicted of killing a grocery store clerk who he knew with a single gun shot to the back of the head, the opinion notes only that the jury found "aggravating circumstances" and that under Middlebrooks the sentence is set aside and the case is remanded. In Sparks v. State, 1993 Tenn. Lexis 187, No. 03S01-9212-CR-00105 (Tenn. May 10, 1993)(not published), where the defendant was convicted of armed robbery of a liquor store during which he shot and killed a delivery man, the Court remanded the case for resentencing, stating,

---

[1] See also State v. Branam, 855 S.W.2d 563 (Tenn. 1993)(there were no valid aggravators and consequently, the sentence was set at life imprisonment); State v. Bigbee, 885 S.W.2d 797 (Tenn. 1994)(The Court did not consider whether the error was harmless because the case was remanded for resentencing on an unrelated error); State v. Keen, 926 S.W.2d 727 (Tenn. 1994)(though error under Middlebrooks was found, it was not necessary to conduct a harmless error analysis because remand for resentencing was required on other grounds).

> In prior cases, however, we have found harmless error analysis difficult to sustain in the absence of written findings by the jury concerning mitigating circumstances. See, e.g., State v. Terry, 813 S.W.2d 420, 424-25 (Tenn. 1991). Considering the "heightened need for reliability in death cases," we refused in Terry to predict what the outcome of the case would have been in the absence of one of the aggravating circumstances. Similarly, in State v. Pritchett, 621 S.W.2d 127, 129 (Tenn. 1981), we declined to "speculate" on what the jury's sentence would be when one of two aggravating circumstances was removed from consideration.
>
> The current sentencing statute, T.C.A. § 39-13-204(g), like its predecessor, T.C.A. § 39-2-203(g), requires the jury to engage in a careful weighing process, balancing specified aggravating circumstances against any mitigating circumstances in the record. But, also like its predecessor, it does not require the jury to report in its verdict what mitigating factors were considered. Without a sufficient basis for reweighing the evidence in the record, we are disinclined to speculate in this instance about what verdict the jury might have returned based on proof of a single aggravating circumstance. Certainly, we cannot say that in the absence of the felony-murder aggravating circumstance, there is proof beyond a reasonable doubt that the defendant should be sentenced to execution.

Id. at 3-4. In State v. Bane, 853 S.W.2d 483 (Tenn. 1993), the

defendant was found guilty of premeditated murder and felony

murder. The evidence showed a premeditated murder and robbery in

which the victim was beaten, cut, strangled, gagged, and placed

in a tub with a plastic bag over his head. The jury sentenced

the defendant to death finding the aggravators of torture and

felony murder. The Court held that Middlebrooks required that a

jury reconsider the evidence "even though the evidence amply

supports the aggravating circumstance of the murder to be

especially heinous, atrocious, or cruel in that it involved torture or depravity of mind." Id. at 490. In State v. Smith, 857 S.W.2d 1 (Tenn. 1993), the defendant and an accomplice during the robbery of a store operated by an elderly couple, knocked down the man and fatally shot the woman when she resisted the robbery. Though other error also required resentencing, the Court stated, "The Middlebrooks rule establishes that elimination of the [felony murder aggravator] requires the jury to reconsider the evidence to determine if the sentence of death is appropriate in this case." Id. at 25. In Hartman v. State, 896 S.W.2d 94 (Tenn. 1995), the victim was sixteen years old when she was kidnapped, raped, killed by four blows to the head, and raped again. In doing the harmless error analysis, the Court stated that though no additional evidence was introduced in support of the invalid aggravator, the prosecutor did not emphasize the invalid aggravator, and there was only minimal proof of mitigating circumstances, because the remaining aggravator of the heinous, atrocious or cruel nature of the offense was supported by testimony which was contested, the Court was "unable to conclude that the sentence would have been the same had the jury given no weight to the invalid aggravator." Id. at 104. In State v. Walker, 910 S.W.2d 381 (Tenn. 1995), cert. denied, ____ U.S. ____, 117 S. Ct. 88 (1996), the victim was shot several times while sitting in her car in her driveway; she bled to death at the hospital. The defendant thought the victim would be carrying a lot of money. The jury found the defendant not guilty of premeditated murder, but guilty of felony murder and sentenced the defendant to death based on the aggravators of felony murder,

and the existence of a previous conviction of a violent felony (voluntary manslaughter). The Court found that the mitigating evidence was "inadequate" to overturn the sentence, but that the "prior violent felony aggravator was not nearly as positive" as that of armed robbery, first degree murder, and attempted first degree murder, found in Howell. Id. at 398. The Court remanded the case for resentencing.

On the other hand, the high standard for harmless error analysis set forth in Howell has been significantly compromised in some cases. For instance, in State v. Cazes, 875 S.W.2d 253 (Tenn. 1994), cert. denied, 513 U.S. 1086, 115 S. Ct. 743 (1995), the victim, a sixty-eight year old woman, was killed by blows to the head, raped and bitten. The evidence was inconclusive as to whether the victim lost consciousness immediately or not. The victim and the defendant knew each other, though the relationship between the defendant and the victim was not shown in the record. The jury sentenced the defendant to death based on the aggravators of felony murder, previous convictions of violent felonies (assault and aggravated rape), and an especially heinous, atrocious, or cruel murder in that it involved torture or depravity of mind. The Court affirmed the sentence stating that the other two aggravators were strongly supported by the evidence, no additional evidence was introduced in support of the invalid aggravator, the prosecutor did not emphasize the invalid aggravator, and the mitigation evidence of the defendant's childhood and work history did not outweigh the valid aggravating circumstances. In State v. Nichols, 877 S.W.2d 722 (Tenn. 1994),

cert. denied, 513 U.S. 1114, 115 S. Ct. 909 (1995), this Court found a Middlebrooks error to be harmless stating that the defendant had committed five similar rapes in the months before the murder, no inadmissible evidence was introduced to establish the invalid felony-murder aggravator, the State did not put a great emphasis on the fact of the felony, and the mitigating proof was contested by the State. In Nichols, the defendant confessed and testified to raping the victim. The death resulted from the defendant's hitting the victim with a two-by-four during the struggle; the victim died two days later. The defendant expressed remorse. I dissented from the Court's conclusion that the allowance of the jury to use the felony murder aggravator was harmless error because the State failed to prove beyond a reasonable doubt that the jury was not influenced by the invalid aggravating circumstance. Indeed, the record suggested the opposite conclusion:

> The State relied on two aggravating circumstances to support the death penalty – previous convictions for aggravated rape, and the fact that the murder occurred during the commission of a violent felony. The jury was instructed to decide whether the aggravating circumstances were supported by the evidence, and whether they outweighed the mitigating evidence. At the sentencing hearing, evidence of the aggravating circumstances was offered, which included substantial emphasis on the circumstances of the crime itself. Evidence of mitigating circumstances was offered from the defendant, his family, co-workers, and friends as to his character, work background and attitude, and family history. He also submitted the testimony of a clinical psychologist who had diagnosed the defendant as having intermittent explosive disorder. The State's closing argument emphasized the felony murder aggravating circumstance at least as much as the

aggravating circumstance of prior
convictions. . . . [The] initial return of
the juror death penalty verdict form . . .
[did not cite] aggravating circumstances
concerning the defendant's record of
convictions.

. . . There is at the very least a
reasonable possibility that the injection of
the invalid felony murder aggravating
circumstance into the weighing process by the
jury contributed to the death sentence
. . . .

Id. at 743-44 (Reid, C.J., dissenting). In State v. Smith, 893

S.W.2d 908 (Tenn. 1994), cert. denied, ____ U.S. ____, 116 S. Ct.

99 (1995), the victim was an elderly woman who had been beaten,

raped, her throat had been cut, and she had been drowned in the

bathtub. The jury sentenced the defendant to death based on the

aggravators of felony murder, previous convictions of violent

felonies (robbery with a deadly weapon, assault with intent to

commit first-degree murder, and aggravated rape), and the nature

of the murder as especially heinous, atrocious, or cruel. The

mitigating evidence was that the Defendant was mentally retarded.

Because the evidence supported the remaining aggravators, no

additional evidence was introduced in support of the invalid

aggravator, and little emphasis was placed on the robbery by the

prosecutor, the Court affirmed the sentence of death. In Smith,

I dissented, stating,

In this case, although the two remaining
aggravating circumstances were proven, and no
additional evidence was admitted in support
of the invalid aggravating circumstance, the
evidence of mental retardation is a strong
mitigating factor whose weight could well be
more persuasive against two aggravating
circumstances than three. Because the

-11-

> existence of substantial mitigating evidence forces the jury in this case to make a very subjective decision as to weight, the State, which has the burden of proof, cannot show beyond a reasonable doubt that the ultimate decision to execute the defendant was not <u>influenced</u> by the submission of the invalid aggravating circumstance; therefore, the submission of this circumstance was not harmless error, and resentencing is required.

<u>Id</u>. at 932 (Reid, J. concurring in part & dissenting in part).

Sometimes, like in <u>Howell</u>, the finding of harmless error is justified. For instance, in <u>Barber v. State</u>, 889 S.W.2d 185 (Tenn. 1994), <u>cert.</u> <u>denied</u>, 513 U.S. 1184, 115 S. Ct. 1177 (1995), the victim who was seventy-five years old and in bad health, was killed by multiple blows to the head. She had bruises on her hands which were caused when the victim attempted to protect herself from the blows, and the evidence showed that the victim was alive and conscious during the beating. The defendant also made comments to others regarding the killing indicating the willfulness of his actions. The jury based it's sentence of death on the felony murder aggravator and on the fact that the murder was especially heinous, atrocious or cruel in that it involved torture or depravity of mind. Because the prosecutor mentioned the felony murder aggravator only once, no additional evidence was introduced to support the invalid aggravator, and no strong mitigating evidence was introduced, the Court found the error harmless. Though noting my disagreement with the analysis of the majority opinion, I concurred in the judgment that the sentence be affirmed. And in <u>State v. Hines</u>,

919 S.W.2d 573 (Tenn. 1995), cert. denied, ____ U.S. ____, 117 S. Ct. 133 (1996), the victim was stabbed multiple times and at the time of death the victim was sexually brutalized. The jury sentenced the defendant to death based on the aggravators of felony murder, prior convictions (assault in the first degree) and the murder was especially heinous, atrocious, or cruel. In mitigation, the defendant introduced evidence of a bad childhood home environment, psychological problems, and his good behavior while in prison. The Court noted that the defendant was "found guilty of felony murder solely on the basis of armed robbery" and that "two felonies, larceny and rape, in addition to robbery, were used to support the felony murder circumstance." Id. at 583. The Court concluded that the felony murder aggravators, therefore, did perform the narrowing function required under the constitution. Doing a harmless error analysis for the portion of the felony murder aggravator attributable to the robbery, the Court found the error harmless because the remaining aggravating circumstances were strongly supported, the prosecutor did not emphasize the invalid aggravator and the evidence of mitigation did not outweigh the aggravators. Though I dissented on the basis of other significant errors, including the trial court's rejection of the plea agreement reached between the defendant and the District Attorney General's office, I would agree that the use of the invalid aggravator was harmless error under the record in that case.

However, comparison of the facts and circumstances of Howell and those in this case indicate a further lessening of the

-13-

standard. The murder in this case resulted from an altercation based on jealousy. There was an argument followed by a fight and then a shooting. The only valid aggravator relied on by the jury is the prior conviction for second degree murder. The mitigating circumstances offered by the defendant are that he was sorry the victim had been killed, he did not intend to rob or shoot the victim, and the killing had happened because the victim pulled a gun on him. The evidence in the record is simply not persuasive enough to assume that without the consideration of the felony murder aggravator, the jury would have reached the same conclusion. In my view, the admission of the invalid circumstance was not harmless error under the Howell analysis.

> The issue is not the extent to which the aggravating and mitigating circumstances were supported by the evidence or whether the aggravating circumstances outweighed the mitigating circumstances. A finding that the evidence in support of the valid aggravating circumstance was overwhelming and the evidence in mitigation was meager may, . . . support the jury's finding that beyond a reasonable doubt the aggravating circumstance outweighed the mitigating circumstances, but it does not necessarily follow that the jury was not influenced by the invalid aggravating circumstance.

State v. Howell, 868 S.W.2d 238, 269 (Tenn. 1993) (Reid, C.J. concurring). "[I]n all cases where the Court must make a subjective decision regarding the effect of the aggravating circumstance," a finding of harmless error is inappropriate. Id. at 268. In my view, the finding of harmless error cannot be based on objective facts in this case and, therefore, must be a subjective conclusion.

I would remand the case for resentencing.

_____
Reid, J.