ACCEPTED
01-14-00848-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/31/2015 7:51:09 AM
CHRISTOPHER PRINE
CLERK

NO. 01-14-00848-CR
IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

7/31/2015 7:51:09 AM

CHRISTOPHER A. PRINE
Clerk

NOMATHEMBA Y. SITAWISHA
*Appellant*

v.

THE STATE OF TEXAS
*Appellee*

On Appeal from Cause Number 1870305
County Criminal Court at Law No. 4
Honorable John Clinton, Presiding

BRIEF FOR APPELLANT

ORAL ARGUMENT REQUESTED

ALEXANDER BUNIN
Chief Public Defender
Harris County, Texas

CHERI DUNCAN
Assistant Public Defender
Texas Bar No. 06210500
ELIZABETH SAKAI
Legal Intern
1201 Franklin, 13th Floor
Houston, Texas 77002
Phone: (713) 368-0016
Fax: (713) 368-9278
cheri.duncan@pdo.hctx.net

Counsel for Appellant

i

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:                                       Nomathemba Y. Sitawisha

TRIAL PROSECUTOR:                  Casey Little
Assistant District Attorney
Harris County, Texas
1201 Franklin
Houston, Texas 77002

DEFENSE COUNSEL AT TRIAL:      None

PRESIDING JUDGE:                 The Hon. John Clinton
Harris County Criminal
Court at Law No. 4
1201 Franklin
Houston, Texas 77002

COUNSEL ON APPEAL FOR APPELLANT:    Cheri Duncan
Assistant Public Defender
Harris County, TX
1201 Franklin, 13th Floor
Houston, TX 77002

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL..................................................................ii

TABLE OF CONTENTS...................................................................................iii

INDEX OF AUTHORITIES ............................................................................. iv

STATEMENT OF THE CASE ............................................................................ 1

ISSUE PRESENTED

> Did the trial court commit constitutional error when it failed to advise
> Appellant, who was on trial for driving while intoxicated with a blood
> alcohol level of more than .15, that she had a right to request funds for
> an expert? ...................................................................................... 1

STATEMENT OF FACTS................................................................................ 1

SUMMARY OF THE ARGUMENT ................................................................... 1

ARGUMENT ................................................................................................ 4

    A. Standard of review ......................................................................... 4

    B. The right to a reasonably necessary expert is as fundamental to a fair trial as the
       right to counsel.............................................................................. 5

    C. Ms. Sitawisha's blood alcohol concentration level was an element of the offense
       for which she was tried, not merely an enhancement. Therefore, it was a
       material issue................................................................................. 6

    D. The lack of an expert deprived Ms. Sitawisha of the means to establish a
       reasonable doubt about her level of intoxication.................................. 7

    E. The State had a duty to provide Ms. Sitawisha with funds for an expert
       witness. Without *Ake* funds, she did not have the basic tools for an
       adequate defense. .......................................................................... 9

F.  Because an expert's assistance was an essential tool of defense in Ms. Sitawisha's case, the trial court should have admonished her about her *Ake* rights during the *Faretta* hearing. .................................................................. 10

CONCLUSION ................................................................................................................ 11

PRAYER ......................................................................................................................... 12

CERTIFICATE OF SERVICE ............................................................................................ 12

CERTIFICATE OF COMPLIANCE ................................................................................... 13

# INDEX OF AUTHORITIES

## Cases

*Ake v. Oklahoma*, 470 U.S. 68 (1985) ................................................................2,5-10

*Calton v. State*, 176 S.W.3d 231 (Tex. Crim. App. 2005) ..................................... 7

*Connecticut v. Wang*, 92 A.3d 2220 (Conn. 2014) ................................................. 9

*Faretta v. California*, 422 U.S. 806 (1975) ...................................................2, 8, 10

*Johnson v. State*, 760 S.W.2d 277 (Tex. Crim. App. 1988) ................................. 10

*Miranda v. Arizona*, 384 U.S. 436 (1966) ............................................................ 11

*Navarro v. State*, __ S.W.3d __, 2015 WL 4103565 (Tex. App. – Houston [14th Dist.], July 7, 2015, no pet. h.) ............................................................................. 7

*Patterson v. Illinois*, 487 U.S. 285 (1988) ............................................................ 10

*Potier v. State*, 68 S.W.3d 657 (Tex. Crim. App. 2002)

*Rey v. State*, 897 S.W.2d 333 (Tex. Crim. App. 1995) ......................................... 5

*Tuggle v. Netherland*, 516 U.S. 10 (1995)(per curiam) ......................................... 9

*United States v. Agurs*, 427 U.S. 97 (1976) ............................................................ 7

## Constitution

U.S. CONSTIT. AMEND. V ...................................................................................... 6

U.S. CONSTIT. AMEND. VI ..................................................................................... 6

U.S. CONSTIT. AMEND. XIV .................................................................................. 6

**Statutes and Rules**

TEX. PENAL CODE § 49.04 .................................................................................... 1, 6, 7

TEX. R. APP. PROC. 44.2 ......................................................................................... 4

**Books**

RICHARD ALPERT, DWI INVESTIGATION & PROSECUTION (2005) .................................. 8

## STATEMENT OF THE CASE

On October 1, 2014, a Harris County jury found Nomathemba Y. Sitawisha guilty of driving while intoxicated with a blood alcohol concentration level of more than .015. The jury set punishment at 105 days in jail and a $2,500 fine. Judgment was entered on the same day (CR at 64). Also on October 1, 2014, Ms. Sitawisha filed a notice of appeal (CR at 67). No motion for new trial was filed.

## ISSUE PRESENTED

**Did the trial court commit constitutional error when it failed to advise Appellant, who was on trial for driving while intoxicated with a blood alcohol level of more than .15, that she had a right to request funds for an expert?**

## STATEMENT OF FACTS

Nomathemba Y. Sitawisha was charged with driving while intoxicated with a blood alcohol concentration of more than 0.15 at the time of the analysis, a Class A misdemeanor under TEX. PENAL CODE § 49.04(d) (CR at 7 ).

Ms. Sitawisha had been arrested after a couple driving along a freeway access road saw a red sports car jump a curb and nearly strike their vehicle (4 RR at 14). At trial, the wife testified that the driver of that vehicle appeared to be under the influence of something (4 RR at 19). The red car crashed into a light pole, and the couple called 911 and stayed with it until police arrived. Jersey City police officer Jared Taylor testified that when he got to the scene, Ms. Sitawisha was sitting in the red

1

car's driver's seat and he could smell alcohol on her (4 RR at 39). He believed she had lost her mental and physical faculties (4 RR at 41).

When she was unable to hire counsel at a fee she could afford, Ms. Sitawisha chose to proceed pro se. The trial court conducted a *Faretta* hearing to ascertain whether she was knowingly and voluntarily waiving her right to an attorney. The judge specifically informed her during the hearing that she was entitled to have appointed counsel if she could not afford to hire her own lawyer. He then confirmed that she understood that right and intended to waive it (2 RR at 4). Ms. Sitawisha also executed a written waiver of her right to counsel that included the admonishments (CR at 46).

At trial, Harris County Sheriff's Deputy Michael Allbritten testified that when Ms. Sitawisha would not consent to a breath or blood test, he obtained a warrant for a blood sample (5 RR at 75). Amanda Leicht, who drew the blood, also testified, and the blood draw kit was admitted into evidence without objection as State's Exhibit 10 (5 RR at 119). A crime lab toxicologist, Andre Salazar, testified that his analysis of the blood showed an alcohol content of .21. The toxicology lab report was admitted into evidence without objection as State's Exhibit 12 (5 RR at 171).

Although the alleged blood alcohol concentration level was an element of the state's case, the judge did not inform Ms. Sitawisha of her right under *Ake* to request funds for an expert to evaluate the results of her blood test, to advise her about how to challenge the test, and/or to testify for the defense at trial. The blood test results were critical because they were the sole evidence supporting the jury's affirmative

2

finding on the special issue that asked whether Appellant's blood alcohol level was greater than .15.

Representing herself, Ms. Sitawisha, who is a college student, cross-examined each of the witnesses and tried to create an issue about her intoxication level through her questioning. She also asked the court to call the toxicology lab's analytical operations manager, Dr. Fessessework Guale (whom the state had not subpoenaed), so she could question her about the blood test. In response to her request, the judge said, "If you wanted to bring your own expert in, you could've done that. Sit down." (5 RR at 208). This was the only time the court admonished Ms. Sitawisha about her right to an expert, and even then, the judge did not include an admonishment about her *Ake* right to funds to retain one.

The state brought Dr. Guale to court the next day. Though Ms. Sitawisha made an effort to challenge the test results through Dr. Guale, she did not have the expertise – either in the techniques of cross-examination or in blood alcohol analysis – to raise an issue about the test (6 RR at 6). She was no match for the state's witnesses.

## SUMMARY OF THE ARGUMENT

A defendant in a criminal case has a right to funds for an expert if she demonstrates that the expert is reasonably necessary. The Supreme Court considers this right, which is grounded in due process notions of fundamental fairness, to be a structural right, like the right to counsel.

A defendant who chooses to waive the right to counsel does not automatically waive her right to an expert. Because this is a structural issue, a trial judge should: 1) admonish a pro se defendant about the dangers and pitfalls of proceeding without an expert (at least in cases in which it is clear from the pleadings that one is reasonably necessary); 2) advise the pro se defendant of her *Ake* right to funds; and 3) determine whether she is knowingly waiving the right, as *Faretta* requires for waivers of counsel.

Ms. Sitawisha's blood alcohol concentration level was an element of the offense with which the state charged her. Therefore, it was reasonably necessary for the state to provide her with an expert to assist her in countering the state's experts and evidence on that element. Because she could not have known about her right to funds for an expert, she could not have knowingly and voluntarily waived it.

The trial judge's failure to give Ms. Sitawisha the opportunity to hire an expert made her trial fundamentally unfair. The error was not harmless beyond a reasonable doubt. Her conviction should be reversed.

**ARGUMENT**

Ms. Sitawisha was both indigent and pro se. Due process required the trial court to ensure that she understood her right to expert assistance, as well as her right to assistance of counsel.

**A.    Standard of review**

This case should be reviewed under constitutional error standard of TEX. R. APP. PROC. 44.2(a): the court must reverse a judgment unless it determines beyond a

reasonable doubt that the error did not contribute to the conviction or punishment. *See Rey v. State*, 897 S.W.2d 333, 345 (Tex. Crim. App. 1995) (Failure to provide a pathologist for an indigent defendant was structural error). *See, also, Potier v. State*, 68 S.W.3d 657, 664-65 (Tex. Crim. App. 2002) (The effect of denying a defendant his theory of the case is of constitutional dimension).

**B.** **The right to a reasonably necessary expert is as fundamental to a fair trial as the right to counsel.**

The Due Process Clause of the Fourteenth Amendment requires the state to make sure that an indigent defendant has "access to the raw materials integral to the building of an effective defense." *Ake v. Oklahoma*, 470 U.S. 68, 76 (1985). Access includes the right to public funds to pay for an expert's assistance, once the defendant makes a threshold showing that the assistance is reasonably necessary for the preparation and presentation of an adequate defense. *See id.* at 74 (The Constitution requires the state to provide a psychiatric expert to a defendant who cannot afford one, when the evidence is reasonably necessary).

The Court in *Ake* recognized the importance of being able to respond to a state expert's testimony with one's own expert. In such cases, due process requires: 1) access to an expert's examination and testing; 2) expert testimony; and 3) expert assistance during the sentencing phase. *Id.* at 83. Ms. Sitawisha received none of these. Further, the trial court did not inquire whether she intended to waive her right to expert assistance as she had waived her right to counsel.

Expert assistance was, in fact, reasonably necessary for Ms. Sitawisha to defend against the state's allegation that her blood alcohol level exceeded .15 at the time of the incident (CR at 7). Without her own expert, she had no way to respond to the state's expert testimony about the testing of her blood. This made her trial fundamentally unfair, according to *Ake.*

**C.** **Ms. Sitawisha's blood alcohol concentration level was an element of the offense for which she was tried, not merely an enhancement. Therefore, it was a material issue.**

Due process requires the state to prove each element of the offense beyond a reasonable doubt. U.S. CONSTIT. AMEND. V (due process)[1]; U.S. CONSTIT. AMEND. VI (right to compulsory process, right to confront witnesses). *See, also*, *Swearingen v. State*, 101 S.W.3d 89, 95 (Tex. Crim. App. 2003).

In the Texas Penal Code, driving with an alcohol concentration level of .15 or greater is a separate offense from ordinary driving while intoxicated, and the alcohol concentration level is an essential element. *See* TEXAS PENAL CODE § 49.04:

(a) A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place.

(b) Except as provided by Subsections (c) and (d) and Section 49.09, an offense under this section is a Class B misdemeanor, with a minimum term of confinement of 72 hours.

…

(d) If it is shown on the trial of an offense under this section that an analysis of a specimen of the person's blood, breath, or urine showed an alcohol

---

[1] As applied to the states by U.S. CONSTIT. AMEND. XIV.

6

concentration level of 0.15 or more at the time the analysis was performed, the offense is a Class A misdemeanor.

In contrast to an element, an enhancement does not change the degree of an offense. *See Calton v. State*, 176 S.W.3d 231, 233 (Tex. Crim. App. 2005). A blood alcohol concentration of .15 or greater, however, *does* increase the degree of the offense. *See* TEX. PENAL CODE § 49.04(d), supra. For this reason, "(i)t is … an element of a separate offense because it represents a specific type of forbidden conduct – operating a motor vehicle while having an especially high concentration of alcohol in the body." *Navarro v. State*, __ S.W.3d __, 2015 WL 4103565 at *6 (Tex. App. – Houston [14th Dist.] July 7, 2015, no pet. h.).

The allegation that Ms. Sitawisha's blood alcohol concentration exceeded .15 increased the offense level of the driving while intoxicated charge, according to Section 49.04(d). Therefore, the allegation represented an element of a separate offense. This makes it was a material issue within the meaning of *Ake*, and due process required the court to provide her with expert assistance or give her the opportunity to waive such assistance.

**D.    The lack of an expert deprived Ms. Sitawisha of the means to establish a reasonable doubt about her level of intoxication.**

Evidence also is material, within the meaning of *Ake*, if its omission would create "a reasonable doubt that did not otherwise exist...." *United States v. Agurs,* 427 U.S. 97, 112 (1976). As a pro se defendant, Ms. Sitawisha could not raise a reasonable doubt about the blood test without expert assistance.

Blood test evidence is subject to attack on a number of grounds. The test itself can be attacked on at least three fronts: the collection of the specimen, the storage of the specimen before testing, and the test itself. *See* RICHARD ALPERT, DWI INVESTIGATION & PROSECUTION 56 (2005). Even the most experienced defense lawyers often need to retain serology, toxicology or similar experts in blood test cases. Experts can provide independent testing, advice before and during trial, assistance with preparing for cross-examining the state's experts, and their own testimony to rebut the state's experts. If this assistance is necessary even for a seasoned trial lawyer, it surely is even more so for a layperson representing herself.

The State called Andre Salazar to testify about the blood test analysis he performed, and the result (5 RR at 145). Ms. Sitawisha cross-examined him (5 RR at 172), but she had no expert to help her understand the science and to prepare an effective cross-examination. She also had no expert to testify and perhaps create a reasonable doubt about the test or the results.

In Ms. Sitawisha's case, the blood testing process and its results were significant fact issues. An admonishment and colloquy about this fundamental right easily could have been included during the *Faretta* hearing. However, the trial judge did not include it (2 RR at 6). Therefore, Ms. Sitawisha had no opportunity to make a knowing and intelligent waiver of her right to an expert or to demonstrate her need for funds under *Ake.*

**E.** **The State had a duty to provide Ms. Sitawisha with funds for an expert witness. Without *Ake* funds, she did not have the basic tools for an adequate defense.**

Although it appears to be a question of first impression in Texas, the Connecticut Supreme Court has decided that a pro se defendant is entitled to funds to hire an expert to the same extent as a defendant represented by counsel. In *Connecticut v. Wang*, the primary issue was whether an indigent defendant who has waived the right to counsel is constitutionally entitled to reasonably necessary expert or investigative services at public expense. *Connecticut v. Wang*, 92 A.3d 220, 236 (2014). The court held: "An indigent defendant's right to access the tools of an adequate defense should not depend on whether he is self-represented or represented by appointed counsel. …The due process principle of fundamental fairness requires that a state afford an indigent self-represented defendant a fair opportunity to present his defense by assuring him access to the basic tools of an adequate defense." *Wang*, 92 A.3d at 237.

In this case, the *Ake* error prevented Ms. Sitawisha from developing her own blood test evidence to rebut the state's evidence and to present her defense. As a result, the state's evidence went unchallenged, which may have unfairly increased its persuasiveness in the eyes of the jury. *See Tuggle v. Netherland*, 516 U.S. 10, 13 (1995)(per curiam)(reversing for failure to fund psychiatric expert in capital case as required by *Ake*).

**F.** **Because an expert's assistance was an essential tool of defense in Ms. Sitawisha's case, the trial court should have admonished her about her *Ake* rights during the *Faretta* hearing.**

A defendant should be made aware "of the *dangers and disadvantages* of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' " *Faretta v. California*, 422 U.S. 806, 835 (1975) (citations omitted, emphasis added). Construing *Faretta*, the Texas Court of Criminal Appeals has said that a defendant's "eyes should be open to the fact that, while self-representation is undoubtedly his right, he is about to embark on a risky course." *Johnson v. State*, 760 S.W.2d 277, 278-9 (Tex. Crim. App. 1988) (citations omitted).

At trial, counsel is required to help even the most gifted layman adhere to the rules of procedure and evidence, comprehend the subtleties of *voir dire,* examine and cross-examine witnesses effectively, object to improper prosecution questions, and much more. *See Patterson v. Illinois*, 487 U.S. 285, 299 (1988). Further, expert assistance is necessary for even the most gifted attorneys, in cases involving scientific or other expert evidence. Such assistance is even more important for a defendant who proceeds to trial without counsel.

As a pro se defendant, Ms. Sitawisha should have been admonished about her *Ake* rights, and asked if she wanted to waive those rights as she waived her right to counsel. The judge's failure to take these simple steps made the trial fundamentally unfair.

Just as due process requires a trial court to "rigorously" convey the pitfalls of proceeding to trial without counsel (*see Patterson*, supra), so must it require warnings of the pitfalls of proceeding without expert assistance, at least in cases in which the indictment makes it obvious that the evidence is material. The trial court also should be required to advise a defendant of her right to request funds for an expert, just as she must be advised that an attorney will be provided at state expense if she is unable to afford one. *See Miranda v. Arizona*, 384 U.S. 436 (1966).

## CONCLUSION

The right to self-representation does not exclude the right to expert assistance. If the state relies on expert testimony to prove an element of the crime, as it did here, then the defendant is entitled to her own expert for preparation and trial, upon a showing of reasonable necessity. Under *Ake*, the state has a constitutional duty to provide funds for an expert in such cases. Because this is a question of structural error, and because a pro se defendant cannot knowingly waive the right to funds for an expert if she is unaware of that right, the trial court should admonish the defendant and determine if her waiver of an expert, like her waiver of counsel, is knowing and voluntary. The trial court's failure to admonish Ms. Sitawisha and make funds for an expert available to her violated her right to due process and made her trial fundamentally unfair.

11

## PRAYER

For these reasons, Ms. Sitawisha respectfully requests the Court to reverse her conviction and remand this case back to the trial court.

Respectfully submitted,

**Alexander Bunin**
Chief Public Defender
Harris County Texas

*/s/ Cheri Duncan*

_____

**Cheri Duncan**
Assistant Public Defender
Texas Bar No. 06210500
**Elizabeth Sakai**
Legal Intern
1201 Franklin, 13th floor
Houston Texas 77002
(713) 368-0016 telephone
(713) 437-4318 e-fax
cheri.duncan@pdo.hctx.net

## CERTIFICATE OF SERVICE

I certify that a copy of this brief was served electronically on the Harris County District Attorney's Office on July 31, 2015.

*/s/ Cheri Duncan*

_____

Cheri Duncan

12

**CERTIFICATE OF COMPLIANCE**

I certify that this brief complies with Rule 9.2, TEX. R. APP. PROC. It was prepared on a computer using 14-point Garamond type. It contains 2,796 words.

*/s/ Cheri Duncan*

_____

Cheri Duncan